# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DEBORAH INNIS, on behalf of the Telligen, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BANKERS TRUST COMPANY OF SOUTH DAKOTA, a South Dakota Corporation,<br><br>    Defendant. | Case No. 4:16-cv-00650-RGE-SBJ |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DEBORAH INNIS, on behalf of the Telligen, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANKERS TRUST COMPANY OF SOUTH DAKOTA, a South Dakota Corporation,<br><br>Defendant. | Case No. 4:16-cv-00650-RGE-SBJ<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

In further support of its Motion to Dismiss (Dkt. 21), BTC[1] submits for the Court's consideration the recent Report and Recommendation in *Swain v. Wilmington Trust, N.A.*, No. 17-71-RGA-MPT (D. Del. Aug. 14, 2017), attached as Exhibit A.

Like Plaintiff here, the *Swain* plaintiffs brought suit against an institutional trustee, Wilmington Trust, N.A. ("Wilmington"), alleging that it engaged in prohibited transactions under ERISA § 406, 29 U.S.C. § 1106 when it approved a leveraged stock purchase transaction on behalf of the subject ESOP. In particular, the *Swain* plaintiffs claimed that the transaction at issue "allowed Seller to unload its interests in [the company] at an inflated price and 'saddle ESOP participants with millions of dollars of debt, payable to [the company], to finance the transaction.'" *Swain*, No. 17-71-RGA-MPT, at 4 (citation omitted). Wilmington sought dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Moving under Rule 12(b)(1), Wilmington argued that plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction because they could not establish constitutional standing. In particular, with respect to plaintiffs' claims for losses to their individual accounts and to the ESOP, Wilmington argued that plaintiffs failed to "establish a concrete and particularized injury" and thus could not "prove that an injury-in-fact exists." *Id.* at 10. With respect to plaintiffs' claims for injunctive and declaratory relief, Wilmington argued that plaintiffs failed to adequately plead the requisite injury because they "allege injuries incurred in the past and provide only a conclusory statement that 'they continue to suffer such losses in the present.'" *Id.* at 12 (citation omitted). Moving in the alternative under Rule 12(b)(6), Wilmington argued that plaintiffs did not adequately plead prohibited transaction claims.

The Chief Magistrate Judge first recommended dismissal of plaintiffs' entire complaint on 12(b)(1) grounds, finding that plaintiffs lacked constitutional standing to seek relief because

---

[1] Unless otherwise noted, defined terms have the same meaning ascribed to them in BTC's opening brief.

"stock was purchased at an allegedly inflated price and no sale occurred thereafter. Therefore, no injury-in-fact can be identified and plaintiffs lack standing necessary for subject matter jurisdiction." *Id.* at 11 ("As our sister circuits have noted, Supreme Court precedent guides: 'an inflated purchase price will not itself constitute. . . economic loss'. . . . Rather, stock must be purchased at an inflated price and sold at a loss for an economic injury to occur.'") (citation omitted). As here, the value of the stock in the *Swain* plaintiffs' ESOP accounts never dropped below the value of the stock that was initially allocated to their accounts. The Chief Magistrate Judge further found that, "Absent an injury-in-fact to plaintiffs, they lack standing to sue for harm to the ESOP." *Id.* at 12. Turning to plaintiffs' claims for injunctive and declaratory relief, the Chief Magistrate Judge found that plaintiffs lacked the requisite standing because they did "not allege a real and immediate threat of future injury." *Id.* Specifically, she found "weak[]" plaintiffs' argument that Wilmington "is the trustee and, as a result, the alleged harm could happen again," reasoning that it "does not prove an actual present harm, nor a '*significant possibility* of future harm.'" *Id.* (citation omitted) (emphasis in original). For these reasons, the Chief Magistrate Judge recommended that Wilmington's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction be granted. *Id.* at 12, 18.

While these findings "result[ed] in dismissal of the entire action," the Chief Magistrate Judge also addressed Wilmington's 12(b)(6) motion in the alternative. *Id.* at 13. The Chief Magistrate Judge found that plaintiffs did not adequately plead certain of their prohibited transaction claims and recommended dismissal of the claims plaintiffs brought under ERISA § 406(a)(1)(E), 29 U.S.C. § 1106(a)(1)(E) and ERISA § 406(b), 29 U.S.C. § 1106(b) pursuant to Rule 12(b)(6).

For the reasons stated above and those put forth in BTC's prior briefing (Dkt. 22, 35), BTC respectfully requests that the Court dismiss all claims against BTC with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Lars C. Golumbic* | John D. Hintze (AT0003507) |
| Lars C. Golumbic (admitted *pro hac vice*) | Jason M. Craig (AT0001707) |
| Natasha S. Fedder (admitted *pro hac vice*) | AHLERS & COONEY, P.C. |
| Paul J. Rinefierd (admitted *pro hac vice*) | 100 Court Avenue, Suite 600 |
| GROOM LAW GROUP, CHARTERED | Des Moines, Iowa 50309-2231 |
| 1701 Pennsylvania Ave., NW | Telephone: 515/243-7611 |
| Washington, DC 20006 | Facsimile: 515/243-2149 |
| Telephone: 202/861-6615 | E-mail: jhintze@ahlerslaw.com |
| Facsimile: 202/659-4503 | jcraig@ahlerslaw.com |
| E-mail: lgolumbic@groom.com | |
| nfedder@groom.com | ATTORNEYS FOR DEFENDANT |
| prinefierd@groom.com | BANKERS TRUST COMPANY OF SOUTH DAKOTA |

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2017, I electronically filed the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND ACCOMPANYING EXHIBIT** with the Clerk of Court using the ECF system, which will send notification of the filing to the parties participating in the Court's electronic filing system.

*/s/ Lars C. Golumbic*
Lars C. Golumbic (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: 202/861-6615
Facsimile: 202/659-4503
E-mail: lgolumbic@groom.com

ATTORNEY FOR DEFENDANT BANKERS TRUST COMPANY OF SOUTH DAKOTA